UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
TRUSTEES OF THE NEW YORK CITY                      :
DISTRICT COUNCIL OF CARPENTERS                   :
PENSION FUND, WELFARE FUND,                        :
ANNUITY FUND, and APPRENTICESHIP,              :
JOURNEYMAN RETRAINING,                               :
EDUCATIONAL AND INDUSTRY FUND,             :
TRUSTEES OF THE NEW YORK CITY                      :
CARPENTERS RELIEF AND CHARITY                   :
FUND, the CARPENTER CONTRACTOR               :
ALLIANCE OF METROPOLITAN NEW                   :
YORK, and the NEW YORK CITY DISTRICT       :
COUNCIL OF CARPENTERS,                                  :
                                                                                  :
                                                        Petitioners,   :
                                                                                  :
                        -against-                                          :
                                                                                  :
UNIQUE CONTRACTING CORPORATION,          :
                                                                                  :
                                                        Respondent.   :
------------------------------------------------------------ X

**ORDER GRANTING PETITION
TO CONFIRM ARBITRATION
AWARD**

20 Civ. 3096 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Petitioners seek confirmation of an arbitration award, along with post-award

interest, entered against Respondent Unique Contracting Corporation, pursuant to Section 301 of

the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Petitioners also seek post-

judgment interest pursuant to 28 U.S.C. § 1961(a) and reasonable attorneys' fees and costs

associated with this petition as provided in the parties' collective bargaining agreement ("CBA").

For the reasons stated below, the petition is granted.

## BACKGROUND

Because Respondent has failed to appear or respond to the petition, I treat the

petition as an unopposed motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*,

462 F.3d 95, 109–10 (2d Cir. 2006); *see also* Memo, ECF No. 9 (so ordering request to have

1

petition be treated as an unopposed motion for summary judgment).  The relevant facts are therefore undisputed.

Petitioner Union is a labor organization and bargaining representative for certain employees of Respondent. *See* Petition to Confirm Arbitration Award ("Pet.") ¶ 7, ECF No. 1. From November 18, 2014 through February 11, 2020, Respondent was a member of the Association of Wall Ceiling & Carpentry Industries of New York, Inc. (the "Association"), and as a member, agreed to be bound to all agreements entered into between it and the Union. *Id.* ¶¶ 9–10.  The Association and the Union entered into a CBA covering the period July 1, 2017 through June 30, 2024, which required Respondent to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union.  *Id.* ¶¶ 11, 13.  The CBA contained the following relevant provisions:

- "[A]ny dispute or disagreement arise between the parties hereto, or between the Union and any Employer signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder[.]"  Exhibit B, Art. XVII, § 11, ECF No. 1-2.

- "In the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and if such arbitrator renders an award in favor of such Fund(s), the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the Agreement and Declaration of Trust establishing such Fund(s)." *Id.*, Art. XVII, § 10.

- Should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) an amount equal to the greater of (a) the amount of the interest charges on the unpaid contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable attorneys' fees and costs incurred by the Funds in collecting the delinquencies. *Id.*, Art. XVII, § 10; Exhibit C, § V, ECF No. 1-3.

2

A dispute arose between the parties when Petitioners determined that Respondent failed to remit contributions for work performed from January 2, 2018 through October 23, 2018, in the amount of $94,877.67, and initiated arbitration proceedings. Pet. ¶¶ 19–20. Respondent did not appear, and the arbitrator held a hearing and received Petitioners' uncontroverted evidence, including an audit of Respondent's books and records, performed in accordance with an auditing provision in the CBA by Petitioners' accountant. *Id.* ¶ 21; *see also* Arbitration Award ("Award") at 1–2, Exhibit E, ECF No. 1-5. The arbitrator issued the award on December 18, 2019. *Id.* ¶ 21. He found that Respondent violated the CBA when it failed to remit contributions to the funds, and relying on the Summary Report of the audit, ordered Respondent to pay: (1) the principal deficiency of $94,877.67; (2) interest of $10,010.39; (3) liquidated damages of $18,975.53; (4) promo funds of $523.88; (5) court costs of $400; (6) attorneys' fees of $1,500; and (7) arbitrator's fees of $500 — in all, $126,787.47. Pet. ¶ 22; Award at 2–3. The arbitrator further found that interest at the rate of 7.5% would accrue from the date of the issuance of the award, December 18, 2019. Pet. ¶ 23; Award at 3.

Respondent failed to pay any portion of the award, and Petitioners commenced this lawsuit on April 17, 2020, to confirm the arbitration award. Pet. ¶ 24.

## DISCUSSION

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel,* 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court must grant the award unless the award is vacated, modified, or corrected." *Gottdiener*, 462 F.3d at 110

(citations and internal quotation marks omitted). The court "must grant" an order confirming the award unless there is a valid statutory basis to vacate, modify, or correct the award. *Id.* (quoting 9 U.S.C. § 9).

A court's "review of an arbitration award under the LMRA is . . . very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)) (internal quotation marks omitted). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citation omitted).

I have reviewed Petitioners' submissions, including the summary report estimating the amount of unpaid contributions, ECF No. 12, and find that they provide undisputed evidence that Respondent failed to make the required payments. I also conclude that

4

the arbitrator's award of the additional amounts of recovery was properly within the scope of his authority. Petitioners' motion is thus granted, and the award is confirmed.

Petitioners also seek reimbursement for attorneys' fees in this court. While attorneys' fees and costs are generally not recoverable from an opposing party, courts have used their inherent powers to award them in successful petitions to confirm arbitration awards "when a challenger refuses to abide by an arbitrator's decision without justification . . . ." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-CV-6004, 2016 U.S. Dist. LEXIS 174753, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)) (internal quotation marks omitted).

I find that an award of reasonable fees is justified. Despite being bound by the CBA to submit disputes over benefits contributions to arbitration, Respondent failed to participate in the arbitration proceeding, failed to appear in the matter before this Court, and has not paid the arbitration award. In addition, the CBA authorizes the recovery of reasonable attorneys' fees and costs incurred in collection actions. Because Respondent has failed to justify its refusal to abide by the arbitrator's decision, an award of reasonable fees and costs is warranted.

Petitioners' counsel requests $945 for the 2.7 hours of work spent drafting the petition to confirm. I find that this is a reasonable time to perform the work required, as well as a reasonable rate, and I allow it.

Finally, Petitioners seek post-award interest at the statutory rate. This also is part of the Award, and I grant this part of the motion as well.

## CONCLUSION

For the reasons provided above, the petition to confirm the arbitration award is

granted.  I award judgment in Petitioners' favor in the amount of $126,787.47 plus 7.5% post-

award interest, from December 18, 2019 to the date of entry of this judgment, and an additional

$945 for attorneys' fees related to the instant litigation.  The Clerk of Court shall enter judgment,

add interest and tax costs, and terminate the case.

SO ORDERED.

Dated:      April 11, 2022
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge